UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

QUASHAWN SHERIDAN,

Plaintiff,

v.

T. ROOKIE, *et al.*,

Defendants.

Case No. 2:26-cv-01806-RFB-EJY

**ORDER**
**and**
**REPORT AND RECOMMENDATION**

Pending before the Court are Plaintiff's incomplete application to proceed *in forma pauperis* and indecipherable and partially delusional Civil Rights Complaint.  ECF Nos. 1, 1-1.  The *in forma pauperis* application is dismissed without prejudice and with leave to refile.  The Court recommends Plaintiff's Complaint be dismissed in part with prejudice and in part without prejudice, but without leave to amend.  The Court Orders certain claims dismissed without prejudice and with *one* opportunity to amend.

**1.     Screening Standard**

Despite recommending denial of Plaintiff's IFP, the Court screens Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2).  When conducting its review, the Court must identify any cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from relief.  28 U.S.C. § 1915A(b)(1), (2).  Hence, to survive dismissal a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The Court liberally construes *pro se* complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

Whether a complaint is sufficient to state a claim is determined by taking all allegations of material fact as true and construing these facts in the light most favorable to the plaintiff.  *Wyler*

1

*Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Federal Rule of Civil Procedure 12(b)(6) does not require detailed factual allegations, a plaintiff must nonetheless provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear a complaint's deficiencies cannot be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Finally, a complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

**II.     Discussion**

       a.     Plaintiff's Complaint Allegations.

Plaintiff's Complaint appears to relate to events that may have taken place in 2023 in Reno, Nevada. Plaintiff alleged he was paroled and, potentially, parole officers were "switched"; his father died; he was kidnapped in New Jersey; and Reno police officers conspired to steal his father's life insurance and to kill him. ECF No. 1-1 at 2. Plaintiff also alleges that in 2023, he was "seized" for displaying a knife (a fraudulent claim) and or "for a warrant for [a] registry violation"; he was left in a dry cell for four days without adequate food; taken to lock up without due process; and "given mixed medications." *Id*. at 2-3. Plaintiff alleges some involvement of "Obama" and a telephone (*id*. at 5). As best as can be determined, it appears Plaintiff alleges First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment violations. *Id*. at 3-5.

       b.     Certain Claims Should be Dismissed with Prejudice.

The Court concludes Plaintiff's claims regarding kidnapping, conspiracy to steal life insurance and to kill him, and the involvement of Obama and a telephone, no matter how sincerely believed, "are simply too fantastic to warrant the expenditure of further judicial and private resources." *Athans v. Starbucks Coffee Co.*, Case No. CV-06-1841-PHX-DGC, 2007 WL 1673883,

2

at *2 (D. Ariz. June 11, 2007).  Supreme Court precedent holds that U.S. District Courts have the power to "dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional." *Denton*, 504 U.S. at 32-33 (cleaned up) (citing *Neitzke*, 490 U.S. at 325-328).  The Court recommends Plaintiff's claims of kidnapping, conspiracy, and involving "Obama" and a telephone should be dismissed with prejudice as they are so fanciful and fantastic that additional judicial resources are not well spent on these claims.

Further, Plaintiff cannot state a Fifth Amendment claim as all allegations raised are against state actors.  *Castillo v. McFadden*, 399 F.3d 993, 1002 n.5 (9th Cir. 2005) (holding that "[t]he Fifth Amendment prohibits the federal government from depriving persons of due process, while the Fourteenth Amendment explicitly prohibits deprivations without due process by the several States.").  Plaintiff's claims under the Fifth Amendment should be dismissed with prejudice.

To state a claim that a government official violated a plaintiff's First Amendment right to freedom of speech, the plaintiff must allege that he was engaged in a constitutionally protected speech activity, the state actor's conduct caused him to suffer an injury that would chill a person of ordinary firmness from continuing to engage in such speech, and the wrongful conduct was substantially motivated by the plaintiff's exercise of his constitutionally protected conduct. *Mendocino Environmental Ctr. v. Mendocino Cnty.*, 192 F.3d 1283, 1300 (9th Cir. 1999).

A review of Plaintiff's Complaint show, no matter how liberally construed, there are no facts supporting a violation of the First Amendment.  The nature of Plaintiff's allegations defy the notion that amendment could cure this deficiency.  Thus, the Court recommends that to the extent Plaintiff seeks to assert a claim based on the violation of the First Amendment, this claim be dismissed with prejudice.

Plaintiff also pleads no facts identifying a violation of the Sixth Amendment.  However, even if Plaintiff seeks to proceed with an ineffective assistance of counsel claim, that claim must be raised through a habeas corpus petition.  *Nelson v. Campbell*, 541 U.S. 637, 643 (2004)  Thus, the Court recommends dismissing Plaintiff's Sixth Amendment claim without prejudice and without leave to amend.

c.      Plaintiff's Additional Claims.

1.      *Plaintiff's Fourth Amendment Claim.*

Plaintiff may be attempting to bring a claim based on an arrest he claims was in violation of the Fourth Amendment.  However, and at best, there are insufficient facts alleged to state such a claim.  While "a warrantless arrest by a law enforcement officer is reasonable under the Fourth Amendment where there is probable cause to believe that a crime has been or is being committed" (*Devenpeck v. Alford*, 543 U.S. 146, 152 (2004), "'an arrest without probable cause violates the Fourth Amendment and gives rise to a claim for damages under 42 U.S.C. § 1983.'" *Rosenbaum v. Washoe Cnty.*, 663 F.3d 1071, 1076 (9th Cir. 2011) (quoting *Borunda v. Richmond*, 885 F.2d 1384, 1391 (9th Cir. 1988)).  "Whether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest." *Devenpeck*, 543 U.S. at 152.  If the officers arresting Plaintiff had a warrant for his arrest, there is no constitutional violation. *Peacock v. Mayor & City Council of Balt.*, 199 F.Supp.2d 306, 309 (D. Md. 2002) ("It is well established that when an arrest and subsequent detention are undertaken pursuant to a facially valid warrant, there is no violation of the Fourth Amendment.").

Plaintiff pleads he was arrested on a warrant for failing to register and also, at least potentially, for displaying a knife to "an older woman …." ECF No. 1-1 at 3.  While the arrest on a warrant would not state a Fourth Amendment violation, it is unclear whether Plaintiff is alleging he was arrested at all for allegedly displaying a knife or the arrest was solely for the registry violation. It is also unclear whether, if there was an arrest for displaying a knife, that arrest occurred with or without a warrant.

The Court recommends Plaintiff's claim regarding his arrest on a warrant for failing to register be dismissed with prejudice as this claim does not state a violation of the Fourth Amendment. With respect to Plaintiff's potential claim that he was arrested for displaying a knife, this is dismissed without prejudice and with ***one*** opportunity to amend.

2.      *Plaintiff's Eighth and Fourteenth Amendment Claims.*

It is unclear if Plaintiff's allegations regarding being placed in a dry cell for four days without adequate food was before or after a conviction.  The Eighth Amendment applies post-conviction,

4

while the Fourteenth Amendment applies pre-conviction. *Ingraham v. Wright,* 430 U.S. 651, 671 n.40 (1977) ("Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions."); *Youngberg v. Romeo*, 457 U.S. 307, 321-24 (1982) (applying the Fourteenth Amendment to pre-conviction claims).

A pre-trial detainee bringing a Fourteenth Amendment conditions of confinement claim must show the conditions under which that detainee was confined "put the plaintiff at substantial risk of suffering serious harm." *Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc). Pre-commitment detainees are "entitled to protections at least as great as those afforded to [ ] civilly committed individual[s] and at least as great as those afforded to [ ] individual[s] accused but not convicted of a crime." *Jones v. Blanas*, 393 F.3d 918, 932 (9th Cir. 2004). By contrast, post-conviction, a confined individual will not succeed by showing that a condition of confinement put him at substantial risk of suffering serious harm; rather, the Eighth Amendment Cruel and Unusual Punishment standard requires the post-conviction plaintiff to show the condition of confinement caused "suffering ... inconsistent with contemporary standards of decency." *Estelle v. Gamble*, 429 U.S. 97 (1976); *see also, e.g.*, *Helling v. McKinney*, 509 U.S. 25 (1993).

Because Plaintiff does not plead whether he was pre or post-conviction when he was allegedly left in a dry cell for four days without adequate food, the Court does not know whether the Eighth or Fourteenth Amendment applies. Thus, this claim is dismissed without prejudice and with leave to amend allowing Plaintiff to identify whether he was pre or post-conviction. Plaintiff must add sufficient facts to support his claim under the appropriate amendment.

**III.    Recommendation**

IT IS HEREBY RECOMMENDED that the following be dismissed with prejudice:

- Plaintiff's claims of kidnapping, conspiracy, and involving "Obama" and a telephone;
- Plaintiff's claims alleging First, Fifth and Sixth Amendment violations; and
- Plaintiff's Fourth Amendment claim arising from his arrest on a warrant for failure to register.

**IV.    Order**

IT IS HEREBY ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is DISMISSED without prejudice and with leave to amend.

IT IS FURTHER ORDERED that the Clerk of Court **must** send Plaintiff an application to proceed *in forma pauperis* for an incarcerated person and the instructions for filing the same.

IT IS FURTHER ORDERED that Plaintiff must complete the *in forma pauperis* form and file it with the Clerk of Court no later than **July 27, 2026**.

IT IS FURTHER ORDERED that Plaintiff's Fourth Amendment claim relating to his arrest for displaying a knife to an older woman and his Eighth or Fourteenth Amendment claim arising from his alleged placement in a dry cell without adequate food for four days is dismissed without prejudice and with *one* opportunity to amend.

IT IS FURTHER ORDERED that if Plaintiff chooses to file an amended complaint he must do so no later than **July 27, 2026**.   The amended complaint must be titled "AMENDED COMPLAINT" and must be legible—written so that the contents can be read and understood.  The amended complaint must state facts demonstrating identified defendants engaged in specific acts that allegedly violated Plaintiff's constitutional rights under the Fourth and Eighth or Fourteenth Amendment.  General assertions untethered to specific defendants are insufficient to state a claim.  A conclusion stating that a constitutional violation took place is also insufficient to state a claim.

IT IS FURTHER ORDERED that failure to timely comply with the requirement to file a complete *in forma pauperis* application and amended complaint by July 27, 2026, will result in a recommendation to dismiss Plaintiff's case in its entirety.

Dated this 25th day of June, 2026.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

6

## **NOTICE**

Under Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court holds the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  The Ninth Circuit also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).